# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KENNETH BLAKENEY**               **CIVIL ACTION NO.**

**VERSUS**

                                              **22-473-SDD-SDJ**

**THE GOODYEAR TIRE AND**
**RUBBER COMPANY**

## NOTICE AND ORDER

This is a civil action involving claims for damages by Plaintiff Kenneth Blakeney based on his alleged July 13, 2021 wrongful arrest and incarceration for one count of Simple Burglary.[1] On June 3, 2022, Plaintiff filed his Petition for Damages against Defendant The Goodyear Tire and Rubber Company in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] On July 14, 2022, Defendant removed the matter to this Court, based on diversity jurisdiction under 28 U.S.C. § 1332.[3] However, as explained below, it appears to the Court from the allegations forming the basis of this lawsuit that the proper venue for this case is the Western District of Louisiana.

Whether venue in a case is proper is governed by 28 U.S.C. § 1391. According to § 1391(b):

A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[1] R. Doc. 1-1 at 2-3 ¶¶ II-III.
[2] R. Doc. 1-1.
[3] R. Doc. 1 at 1.

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, as set forth in the Notice of Removal, Defendant is "the owner of a business located at 1900 Natchitoches Road, West Monroe, Louisiana."[4]  Defendant, on July 2, 2021, summoned the Ouachita Parish Sheriff's Office to that business in West Monroe in reference to a burglary complaint.[5]  Plaintiff, a resident of Ouachita Parish, ultimately was arrested and booked into the Parish Prison.[6]

To the Court, it is clear that a substantial part of the events giving rise to the claim, if not all, occurred in West Monroe, Louisiana, which lies within the Western District of Louisiana.  In addition, no information in the record indicates either that any events pertaining to this matter occurred in the Middle District or that Defendant is a resident of the Middle District.  Although there is no pending motion seeking transfer of this case, given the facts underlying this matter, the Court *sua sponte* raises the issue of whether venue is proper in the Middle District.[7]

Accordingly,

**IT IS ORDERED** that, on or before **November 16, 2022**, the Parties are instructed to file supplemental briefing, either individually or jointly, explaining why venue is proper in the Middle District of Louisiana.  In the alternative, if the Parties agree venue in the Middle District is improper, they may file a Motion to Transfer this matter on or before **November 16, 2022**.

---

[4] R. Doc. 1 at 2.  Defendant also states that it "is a foreign insurer duly organized under the laws of the State of Ohio and having its principal place of business in the State of Ohio."  R. Doc. 1 at 6.
[5] *Id.*
[6] *Id.*; R. Doc. 1-1 at 2.
[7] *See TransFirst Group, Inc. v. Magliarditi*, 237 F.Supp.3d 444, 458 (N.D. Tex. 2017) ("Though Defendants did not seek a transfer of venue, the court may nevertheless transfer venue *sua sponte*.").

**IT IS FURTHER ORDERED** that the Scheduling Conference currently set for November 10, 2022 is hereby canceled, to be reset, if needed, following resolution of the issue of venue.

Signed in Baton Rouge, Louisiana, on November 1, 2022.

                                              **SCOTT D. JOHNSON**
                                              **UNITED STATES MAGISTRATE JUDGE**